## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.** _____

MATTHEW CALVIN, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

HUMANA INC.,
a Delaware corporation

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

     Defendant Humana Inc. ("Defendant"), by and through its undersigned attorneys, hereby gives notice of the removal of the State-court action described below pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, to the United States District Court for the Southern District of Florida, and in support thereof shows as follows:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

     1.    On April 27, 2022, Plaintiff Matthew Calvin ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Class Action Complaint (the "Complaint") against Defendant in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* **Exhibit A**, Summons and Complaint ("Compl.")

- 1 -

2.      Defendant was served with a copy of the Complaint on May 2, 2021.

*See* **Exhibit A**.  A copy of the state court docket is attached as **Exhibit B**.

3.      Plaintiff's Complaint alleges that from August 2020 through May 2021, Defendant improperly sent text messages to Plaintiff's telephone number ending in -0096 ("Number") to promote Defendant's goods and services.  Compl. ¶¶ 3, 11-18. Plaintiff alleges that his Number is registered on the National Do-Not-Call Registry. Compl. ¶ 20.  Plaintiff alleges that the text messages constituted telemarketing and were intended to solicit the sale of consumer goods and/or services.  Compl. ¶¶ 21, 27.

4.      Plaintiff asserts a claim for violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, *et seq*. (Count I) ("Florida Claim") and three claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (Counts II – IV) ("Federal Claims").  *See* Compl.

5.      Plaintiff seeks to represent four classes of individuals, defined as follows:

> No Consent Class: All persons in the Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

> Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future text messages.

> Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a call or text

message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

<u>Seller Identification Class</u>: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) received two or more text messages within any 12-month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) that did not disclose the name of the individual caller, the name of the person or entity on whose behalf the call is being made, or a telephone number or address at which the person or entity may be contacted.

Compl. ¶ 38.

## II.   **REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE FEDERAL CLAIMS AND SUPPLEMENTAL JURISDICTION OVER THE FLORIDA CLAIM**

6.     This Court has original jurisdiction over the Federal Claims under the provisions of 28 U.S.C. § 1331 and supplemental jurisdiction over the Florida Claim under 28 U.S.C. § 1367(a).  The State-court action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and 1453(b), and the procedures set forth in 28 U.S.C. § 1446.

7.     Section 1331 provides federal district courts with "original jurisdiction" over all claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Federal courts likewise have supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. §

1367(a).

8.      Any civil action, including class actions, brought in state court where federal district courts have original jurisdiction may be removed, without regard to citizenship or residence of the parties.  28 U.S.C. §§ 1441(a), 1453.

9.      This Court has subject matter jurisdiction over Plaintiff's Federal Claims, because federal courts have original jurisdiction over claims that arise under the TCPA, a federal statute.  *See Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377, 132 S. Ct. 740, 748 (2012) ("Because federal law creates the right of action and provides the rules of decision, Mims's TCPA claim, in 28 U.S.C. §1331's words, plainly 'aris[es] under" the "laws . . . of the United States.'").

10.     This Court likewise has supplemental jurisdiction over the Florida Claim, because it is related to the Federal Claims and within the same case or controversy concerning the text messages that Defendant allegedly sent to Plaintiff's telephone number.  *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-cv-19-FtM-38CM, 2014 U.S. Dist. LEXIS 26778, at *6 (M.D. Fla. Feb. 28, 2014) (exercising supplemental jurisdiction over Florida state law claim that "form[ed] part of the same case or controversy" as TCPA claim).  Indeed, the Florida Claim arises out of the same alleged text messages as the Federal Claims.

11.     Accordingly, removal of this action is proper under Sections 1441 and 1453.  *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla.

2012) (finding that TCPA actions are removable).

## III.   **DEFENDANT HAS COMPLIED WITH ALL REMOVAL PROCEDURES.**

12.   The Complaint was served on Defendant on May 2, 2022.  *See* **Exhibit A.**  This Notice of Removal is timely filed within 30 days of such service in accordance with 28 U.S.C. § 1446(b).

13.   The Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida is located within the Southern District of Florida.  28 U.S.C. § 89(c).  Therefore, venue for this action is proper in this Court, because the Southern District of Florida is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

14.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and orders served upon Defendant are attached.

15.   The undersigned counsel represents the Defendant.

16.   In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida is located within the Southern District of Florida

17.   The required filing fee is being tendered to the Clerk of the United States District Court for the Southern District of Florida.

WHEREFORE, Defendant respectfully pray that the action be removed to

this Court and that this Court assume full jurisdiction as if it had been originally filed here.

DATED:  June 1, 2022                    Respectfully submitted,


                                        /s/ *Kimberly J. Donovan*
                                        Kimberly J. Donovan
                                        Florida Bar No. 16496
                                        SQUIRE PATTON BOGGS (US) LLP
                                        200 South Biscayne Boulevard,
                                        Suite 3400
                                        Miami, Florida 33131
                                        kimberly.donovan@squirepb.com

                                        *Counsel for Defendant Humana Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2022, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Kimberly J. Donovan_
Kimberly J. Donovan